## Transportation of Nonpublic School Pupils

SIDNEY MARGULIES, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, January 29, 1958.—You have asked to be advised as to whether the

Department of Public Instruction may approve payments reimbursing a school district on account of pupil transportation charges paid for out of school district funds when such transportation charges included transportation for both public school and nonpublic school pupils. Although you limit your question to the case where the nonpublic and public school pupils were carried on the same buses, this fact is immaterial to our discussion; i.e., the result is the same whether the pupils were carried on the same or on separate buses.

Section 2541 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §25-2541, provides:

"School districts shall be paid by the Commonwealth for every school year on account of pupil transportation which . . . have been approved by the Department of Public Instruction, in the cases hereinafter enumerated. . . ." [1]

However, the reimbursement contemplated by this section must necessarily be limited to those situations in which the school district has lawfully made payments for pupil transportation within the powers granted to the board of directors of the district. Section 1361 of the Public School Code of March 10, 1949, P. L. 30, as amended, 24 PS §13-1361, which deals with this situation states:

"The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the *public schools*. . . . They shall provide such transportation whenever so required by any of the pro-

---

[1] Further clauses enumerate the specific classes of school districts covered and the particular groups of pupils for which reimbursement may be made. For purposes of this opinion it is assumed that the request is within the scope of the cases enumerated in the section.

visions of this act or of any other act of Assembly." (Italics supplied.)

The Supreme Court of Pennsylvania had occasion to construe the counterpart of section 1361 in the prior Public School Code, along with other provisions that dealt with the problem of pupil transportation, in the case of Connell v. Kennett Township, 356 Pa. 585, 52 A. 2d 645 (1947). The court held that the school district could not be compelled to transport any pupils other than public school pupils to and from public schools. This conclusion was based on the court's finding that the code gave the board of directors of a school district power to provide for the transportation of public school pupils only.

Subsequently, in a very recent decision, in the case of Robinson Township School District v. Houghton, 387 Pa. 236, 128 A. 2d 58 (1956), the Supreme Court considered the question inferentially posed in your request for advice; that is, does the board of directors of a school district have the "discretionary power to transport in buses of the school district, . . . nonpublic school pupils who, while of compulsory school age, attend schools other than the public school of the district?" While the decision in the case was based on a procedural point, the opinion of the court discussed the substantive issue sought to be raised. The Connell case was cited with approval, and the court went on to declare that since the Public School Code of 1949, supra, did not create any power in the school district board to transport nonpublic school pupils, in the absence of such statutorily created power the board had no inherent power to provide voluntarily such transportation.

In view of the fact that the Pennsylvania Supreme Court specifically discussed the issue raised by your question, this department believes that the interpretation of the code in the Robinson case, although

dictum but agreed to by five of the six judges sitting, must control.[2]

Therefore, we are of the opinion and you are accordingly advised that the board of directors of a school district has acted without authority of law in providing free transportation out of school district funds for nonpublic school pupils, and that the Department of Public Instruction may not approve such an arrangement. Reimbursement under section 2541 of the code, supra, may be made only for that portion of the expenditure which was lawfully incurred in the transportation of public school pupils.

---

[2] In both cases discussed in the text, the Court pointed out that since there was no statutory provision for the transportation of non-public school pupils, the question of whether or not such transportation violated the State or Federal Constitution was not involved.